```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT
                                    :
DAVID S. COLLIN,                    :
        PLAINTIFF                   :
                                    :
v.                                  :  CIV. NO. 3:01CV0613 (HBF)
                                    :
                                    :
SECURI INTERNATIONAL AND            :
LONG VIEW RECREATIONAL              :
VEHICLE,                            :
        DEFENDANTS                  :
```

## RULING ON MOTION TO DISMISS

I.   INTRODUCTION

Plaintiff initiated a personal injury action on April 16, 2001 against Securi International ("Securi") for injuries he allegedly sustained in a fall, occurring on December 29, 1999, from a ladder manufactured by Securi. On December 6, 2001, Securi cited in Long View Recreational Vehicles ("Long View"), the seller of the ladder to plaintiff, as a third-party defendant for indemnification and/or contribution alleging Long View was negligent in supplying the plaintiff with complete and accurate instructions and warnings with the ladder. On May 8, 2003, plaintiff amended his complaint to assert direct claims against Long View alleging Long View was negligent in failing to supply plaintiff with suitable warnings and instructions when he purchased the ladder.  Long View now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted on

statute of limitations grounds. For the reasons stated below, defendant's motion to dismiss [doc # 30] is granted.

II. STANDARD OF REVIEW

In order for a party to succeed on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be clear that the non-moving party can prove no set of facts that would establish his or her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994). When determining whether a non-moving party can prove any set of facts which would entitle it to relief, a court must assume that the allegations of the non-moving party are true and draw all reasonable inferences in that party's favor. See Cooper v. Pate, 378 U.S. 546, 546 (1964); Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir. 1995). Vague and conclusory allegations, however, are not sufficient to withstand a motion to dismiss. A complaint or counterclaim must "contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." American Council of Learned Societies v. MacMillan, Inc., No. 96 Civ. 4103 (JFK), 1996 WL 706911, *3 (S.D.N.Y. Dec. 6, 1996).

III. FACTS

Plaintiff, a Connecticut resident, alleges he was injured as a result from a fall from a ladder which occurred on December 29, 1999. The ladder was manufactured by Securi International, a

Canadian corporation, and was purchased by the plaintiff from Long View Recreational Vehicles, a Connecticut business, in mid-1999.  On April 16, 2001, plaintiff filed an action pursuant to Conn. Gen. Stat. § 52-572m, *et. seq* (the Connecticut Product Liability Act) against Securi alleging, <u>inter</u> <u>alia</u>, that the Securi is liable for plaintiff's injuries because the ladder is defective in design, is unreasonably dangerous, and that Securi failed to provide oral or written warnings or instructions as to the dangerous condition of the ladder.

On December 6, 2001, Defendant Securi filed a third-party complaint against Long View for indemnification and/or contribution on the grounds that Long View did not provide plaintiff with certain written warnings and instructions provided by the manufacturer, and did not provide accurate instructions to plaintiff regarding use of the ladder.

On May 8, 2003, plaintiff amended his original complaint to assert direct claims against Long View alleging that Long View was negligent for selling him a "floor model" without certain written instructions and warnings provided by the manufacturer, and that an employee of Long View provided incomplete and/or misleading oral instructions for use of the ladder.

Defendant Long View now moves to dismiss plaintiff's direct claim on the grounds that the statute of limitations has expired.

IV. DISCUSSION

   A. Motion to Dismiss on Statute of Limitations Grounds

As a preliminary matter, plaintiff objects to the motion on the grounds that a statute of limitations defense is not properly adjudicated on a motion to dismiss, but rather must be pleaded as a special defense.

"Although the statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." Velez v. City of New London, 903 F. Supp. 286, 289 (D. Conn. 1995) (Dorsey, C.J.) (quoting Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n. 1 (9th Cir. 1987) (in turn quoting Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980))).  See also Joslin v. Grossman, 107 F. Supp. 2d 150, 154 (D. Conn. 2000) (it is proper to raise the defense of the statute of limitations through a motion to dismiss; the court must simply "decide whether the time alleged in the complaint indicates that the cause of action has not been brought within the statute of limitations") (citations omitted).

In this case, the face of the complaint indicates dates such that the court may decide whether the cause of action has been brought within the statute of limitations.  This defense is therefore properly raised by defendant's motion to dismiss.

   B. Tolling of the Statute of Limitations

Plaintiff brings this claim under Conn. Gen. Stat. §52-572m

(the Connecticut Product Liability Act). In Connecticut, product liability claims under § 52-572m must be brought within "three years from the date when the injury, death, or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered...." Conn. Gen. Stat. § 52-577a(a) (2003). In Connecticut, a cause of action accrues when plaintiff suffers from "actionable harm". <u>Gnazzo v. G.S. Searle & Co.</u>., 973 F.2d 136, 138 (2d Cir. 1992) (quoting <u>Champagne v. Raybestos-Manhattan</u>, 212 Conn. 509, 521, 562 A.2d 1100 (1989). Actionable harm occurs when the plaintiff discovers or should discover through the exercise of reasonable care that he or she has been injured and that the defendant's conduct caused such injury. <u>Id.</u>

Plaintiff alleges that he was injured on December 29, 1999. His amended complaint against Long View was filed on May 8, 2003, more than three (3) years after the date of the injury. The amended complaint is therefore untimely unless there is reason to find that the statute of limitations was tolled. Plaintiff contends that the statute of limitations was tolled with respect to his claim against Long View because he was not immediately aware of a possible causal connection between Long View's conduct and his subsequent injury. Plaintiff claims that as of December 2001 when Long View was cited into the case:

> he continued to believe in good faith that the instructions provided by Long View R.V.'s personnel at the time of the sale of the product to him (April, 1999) were complete, accurate and proper. However, subsequent discovery conducted between the parties now

>indicates that Long View R.V. may have had
>greater responsibility to warn and instruct
>than the Plaintiff knew or had reason to
>know. [Pl.'s Obj. Mem. (doc. # 37) at p. 8.]

Plaintiff claims that it was only in December 2002, when Securi's discovery responses were served on plaintiff containing references to Long View's failure to provide warnings or instructions, that he became aware that Long View may have been required to provide additional supplemental warnings or instructions with the ladder, and did so negligently or not at all. [Pl.'s Obj. Mem. (doc. # 37) at p. 8.][1]

In order for the statute of limitations to be tolled with respect to plaintiff's claim against Long View, the court must find that plaintiff's cause of action did not accrue until sometime after the fall from the ladder on December 29, 1999, when plaintiff claims he first became aware of the scope of Long View's potential responsibilities involving the sale of the ladder. This would require a finding that the plaintiff was not aware of the causal link between his injury and Long View's conduct, and furthermore, that he should not have been expected to discover this potential connection in time to file a claim within the three year (3) statutory period that would otherwise

---

[1] Plaintiff alleges that Long View has failed to provide plaintiff with discovery responses that would shed further light on "the nature and scope of its obligations to buyers of Securi's ladders", and that the statute of limitations cannot extinguish the claims of plaintiff before the facts necessary to plaintiff's cause of action against a particular defendant, Long View in this case, have been revealed. [Pl.'s Obj. Mem. (doc. # 37) at p. 9.] This allegation appears to be mistaken in light of Ex. A of Long View Def's. reply memorandum, which includes copies of the answers served on plaintiff on Dec 13, 2003. See Long View Def.'s Reply Mem. (doc # *orig not filed*), Ex. A.

run as of December 29, 2002. The record in this case does not support such a finding.

As Long View argues in its reply memorandum, the record supports the conclusion that plaintiff was aware of facts indicating a possible causal connection between his injury and Long View's conduct well in advance of the time period suggested by plaintiff. On October 31, 2000, plaintiff's attorney corresponded with the Director of Claims for Lombard Canada, Ltd. (Securi's insurance company) about the examination of a Securi ladder by an expert from the Massachusetts Institute of Technology. [Long View Def's Reply Mem., Ex 4.] In the letter, attorney for plaintiff writes that his client purchased a "ladder that was displayed on the floor with no tag", and that the exemplar ladder that was purchased by the plaintiff's expert from Long View:

> came with a tag. You should note that the tag indicates that the user must make sure that the horizontal bar is locked in place and that my client did in fact lock this horizontal bar in place, notwithstanding the fact that he did not receive such a warning.[Long View Def's Reply Mem., Ex 4.]

At his deposition November 1, 2001, plaintiff also testified that he was aware that the ladder he was being sold was a "floor model" and that Long View had not provided plaintiff with any written instructions or paperwork. [Long View Def's Reply Mem., Ex 4.] Finally, Securi alleged explicitly in its third-party complaint, filed on December 6, 2001, that Long View did not provide plaintiff with appropriate warnings. See Third-Party

7

Compl. (doc # 14), ¶ 6.

    This chronology indicates that the plaintiff, as early as October 2000, believed he purchased a "floor model" ladder, and that other ladders manufactured by Securi and sold by Long View were accompanied by a tag with warnings that he did not receive with the item he purchased. This suggests Plaintiff did in fact have reason to know about Long View's potential liability well before the filing of the third-party complaint and subsequent discovery.  Furthermore, even if Plaintiff were correct in asserting that he did not have reason to know the full extent of Long View's potential responsibility until that date, this would not absolve plaintiff from responsibility to exercise reasonable care in *discovering* the potential causes of his injury.

    Plaintiff offers no explanation for why it would not have been possible for him to discover this connection with the use of reasonable care and, in essence, appears to be asking the court to toll the running of statute of limitations because he did not discover this connection sooner.  This result would be contrary to the very purpose of statutes of limitations, which are designed to encourage parties to timely investigate and file claims.

    In summary, it is clear that plaintiff, with the exercise of reasonable care, should have been able to discover a possible causal connection between his injury and Long View's conduct in time to file a complaint by December 29, 2002, three (3) years from the date of his fall from the ladder. Accordingly, the court

finds that the statute of limitations was not tolled with respect to plaintiff's claim against Long View, and that the statute expired on December 29, 2002.

    C.    <u>Relation Back Doctrine</u>

Next, plaintiff argues that even if the statute of limitations on his claim has expired, his amended complaint relates back to the date of the filing of the Securi's third party complaint on December 6, 2001.

Plaintiff's reasoning is that his claims against Long View are based upon the same transaction and occurrences as those giving rise to the third-party complaint filed against Long View by Securi, and can therefore be considered to "amplify and expand" upon that cause of action, and are thus permissible under the relation back doctrine. [Pl.'s Obj. Mem. (doc # 37) at p. 10.] Plaintiff urges that the policy reasons behind imposing statutes of limitations are not present in this case because Long View has been on notice of its potential liability since the December 2001 third-party complaint and will suffer no prejudice should plaintiff now be permitted to amend his complaint.

Generally, "a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." <u>Wood v. Woracheck</u>, 618 F.2d 1225, 1229 (7th Cir. 1980). Furthermore,"[t]he filing of a cross claim by a defendant in the original action does not toll the statute of limitation on a plaintiff's claim against a third party defendant." <u>Monarch</u>

Industrial Corp. v. American Motorists Ins. Co., 276 F. Supp. 972, 981 (S.D.N.Y. 1967), 3 Moore's Federal Practice § 14.29 (3d ed. 2003), Scharrer v. Consolidated Rail Corp., 792 F. Supp. 170, 172-173 (D. Conn. 1992), 1992 U.S. Dist. LEXIS 18031.  In order to name a new party in the amended complaint after the statute of limitations has passed, plaintiff must meet the requirements of Federal Rule of Civil Procedure 15(c). Scharrer, 792 F. Supp. at 172-173. Under the Rule, a plaintiff may change a party or add additional parties only if (1) the claim arose of the same conduct or transaction; and (2) within 120 days, the party to be named or added has received notice of the original institution of the complaint; and (3) the party to be named or added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. Fed. R. Civ. P. 15(c); Velsini v Cadmus, (citing Aslanidis v. United States Lines Inc., 7 F.3d 1067, 1075-76 (2d Cir. 1993)).

    In Scharrer, this court, on a similar set of facts, ruled that the relation back doctrine does not permit a plaintiff's amended complaint to relate back to the date of the filing of third party complaint by the original defendants.  In that case, plaintiff, an employee of ConRail, was injured as a result of a chemical spill and filed a timely complaint against ConRail claiming, inter alia, common law negligence. ConRail subsequently filed a cross claim against Krevit, a chemical company, for indemnification, also within the statutory time period. Plaintiff

thereafter amended his complaint to include direct claims against Krevit approximately eight (8) months after the statute had run. Plaintiff contended that Federal Rule of Civil Procedure 15(c) permitted the amended complaint to relate back to the filing of the third-party complaint.  The court concluded that Rule 15(c) did not apply in this situation, but rather was intended to remedy a situation in which a plaintiff mistakenly identified a defendant and seeks to correct the mistake after the statute has run. Scharrer 792 F. Supp. at 173. The court found that the plaintiff should have realized Krevit was a potential defendant, and had ample time to file a complaint within the statutory period.  As to the assertion that the amendment would cause no prejudice to defendant, the Court rejected this based upon the fact that the defenses that Krevit would have against the plaintiff in the direct claim of negligence would be different from those he would have against ConRail for indemnification, notwithstanding the fact that the claims arose out of the same transaction. Id.

    Applying this reasoning to the facts of this case yields the same result. Here, as in Scharrer, in order for plaintiff to add an additional party to his complaint after the statute of limitations has run, he must meet the requirements of Federal Rule of Civil Procedure 15(c). Plaintiff alleges no mistake as to the identity of Long View as a proper defendant. As discussed above, plaintiff knew the identity of Long View as a possible defendant and had ample opportunity to investigate and initiate a

11

direct claim against Long View within the statutory period. Where there has been no mistake in identifying a party, and no other explanation for the delay in filing, Rule 15(c) does not apply.

Plaintiff also errs in his assertion that his claims against Long View are essentially the same as those raised in the third-party complaint by Securi, and thus that Long View would not be prejudiced by the addition of a direct claim.  As in Scharrer, Securi's claim against Long View is for contribution or indemnification only, and is contingent upon the success of plaintiff's direct claim against Securi.  By contrast, Plaintiff's direct claim against Long View is not dependent upon the outcome of his claim against Securi.  As such, Long View's potential defenses to these two actions would be different. In this case, therefore, the addition of Long View as a defendant does amount to the assertion of a "new cause of action".  See id. If an amendment were allowed to relate back in this situation, the purpose of the statute of limitations would be defeated. Id. (citing Williams v United States, 405 F.2d 234, 237 (5th Cir 1968)).  Allowing the plaintiff to amend his complaint to assert a direct claim against Long View in this case would be prejudicial, and Rule 15(c) does not apply.  Plaintiff's amended complaint against Long View must therefore be dismissed as untimely.

V.   CONCLUSION

For the reasons discussed above, Defendant Long View

Recreational Vehicles's motion to dismiss **[doc # 30]** is **GRANTED**.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc # 38] on August 13, 2003, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 6th day of January 2004.

```
         /s/
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```

.